IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

                                                    CASE NO:  1:15-CV-202616-FAM

MSP RECOVERY, LLC,

    Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS MSP RECOVERY, LLC'S AMENDED COMPLAINT AND MOTION TO STRIKE PARAGRAPHS 56-58 and 71-72 of MSP RECOVERY, LLC'S AMENDED COMPLAINT**

    COMES NOW, the Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, by and through undersigned counsel, and hereby files this Motion to Dismiss MSP RECOVERY, LLC's Amended Complaint and Motion to Strike Paragraph 56-58 and 71-72 of MSP RECOVERY, LLC'S Amended Complaint, and states as follows:

    **I.    Issue Presented**

    Whether this Court should dismiss MSP RECOVERY, LLC's one count Amended Complaint alleging a federal cause of action against Defendant.  Below Defendant presents the three following arguments as to why this Court should affirmatively answer the above question: 1) MSP RECOVERY, LLC failed to properly plead standing in this case; 2) the Court lacks subject matter jurisdiction to consider MSP RECOVERY, LLC's federal count on the grounds that MSP RECOVERY, LLC is a Medicare Advantage organization; and 3) even if this Court

1

possesses subject matter jurisdiction over MSP RECOVERY, LLC's pled count MSP RECOVERY, LLC still failed to plead a proper cause of action against Defendant.

### II.    Facts as Found in the Four Corners of MSP RECOVERY, LLC's Complaint

#### A.    MSP RECOVERY, LLC's Lack of Standing

1. MSP RECOVERY, LLC's lawsuit seeks to recover money allegedly paid out by FHCP to an undisclosed medical provider.  MSP RECOVERY, LLC's suit alleges that Defendant was a primary payer under the Medicare Secondary Payer Act and that Defendant failed to reimburse FHCP, who as a secondary payer, made a conditional payment to the undisclosed medical provider[1].

2. In paragraphs 5 and 6 of its Amended Complaint, MSP RECOVERY, LLC claims standing in this case via way of 2 assignments.  MSP Recovery, LLC claims that FHCP assigned its rights to proceed against Defendant to La Ley Recovery, and thereafter, La Ley Recovery executed an assignment to MSP RECOVERY, LLC.  (Attached hereto as Exhibit "A" is MSP RECOVERY, LLC's Amended Complaint).

3. MSP RECOVERY, LLC did not attach the alleged assignment from FHCP to La Ley Recovery, but instead decided to file the alleged assignment under seal.  However, MSP RECOVERY, LLC claimed to cite a portion of the alleged assignment from FHCP to La Ley Recovery in paragraph 5 of the Amended Complaint.

4. The cited portion of the alleged assignment in paragraph 5 of the Amended Complaint fails to sufficiently demonstrate that FHCP actually assigned its rights to La Ley

---

[1] Defendant is not responsible for undisclosed medical provider's medical bill, and thus not a primary payer under the Medicare Secondary Payer Act, unless Defendant's insured assigned his or her rights under Defendant's policy of insurance to the medical provider. MSP RECOVERY, LLC failed to plead that the undisclosed medical provider obtained such an assignment from Defendant's insured.

2

Recovery. Every time FHCP appears in the cited portion of the alleged assignment, FHCP is placed between brackets. *See* paragraph 5 of the Amended Complaint. Those brackets represent that the drafter of the Amended Complaint removed what was originally written in the alleged assignment and replaced it with FHCP. Thus it is not even known if FHCP is the actual party assigning its rights in that cited portion of the alleged assignment in paragraph 5 of the Amended Complaint. Additionally, nowhere in the cited portion of the alleged assignment to La Ley Recovery does it actually state that FHCP's rights are being assigned to La Ley Recovery. Even assuming the FHCP is the party assigning its rights, that cited portion fails to state whom FHCP is assigning its rights to.

5. Thus MSP RECVOERY, LLC's Amended Complaint has not established that 1) FHCP assigned its rights at all; or 2) that FHCP assigned its rights to La Ley Recovery.

6. Without first establishing the FHCP assigned its rights to La Ley Recovery, the assignment from La Ley Recovery to MSP RECOVERY, LLC attached to the Complaint as Exhibit "B" fails to confer standing upon MSP RECOVERY, LLC in this case.

7. Thus MSP RECOVERY, LLC has clearly not established standing in this case based on the two alleged assignments in this case.

8. Additionally, exhibit "D" of the Amended Complaint contradicts altogether that MSP RECOVERY, LLC has standing in this case.

9. Exhibit "D" of the Amended Complaint, a letter dated November 24, 2014 (three months after the alleged assignment from La Ley Recovery to MSP RECOVERY, LLC), claims that FHCP actually assigned its alleged right to recover against Defendant to MSP Recovery-FHCP, Inc. Exhibit "D" of the Amended Complaint specifically states the following:

> Please be advised that this firm represents **MSP Recovery-FHCP, Inc.,** who is the assignee of all subrogation claims and/or claims whereby Florida Health Care

3

    Plus (FHCP) is deemed to be a secondary payor pursuant to 42 U.S.C. § 1395(b)(3)(A). …

    Payments are to be made to **MSP Recovery-FHCP, Inc.** for benefits, interest, penalty and postage.  The payments are to be mailed to the undersigned.  Failure to issue both payments in full within 30 days after receipt of this notice will result in litigation by **MSP Recovery-FHCP, Inc.**  (Emphasis added)

10.    MSP RECOVERY, LLC did not assert any claims against Defendant until December 4, 2014.  Exhibit "E" of the Amended Complaint.

11.    It must be noted that the law firm that drafted the Amended Complaint also drafted Exhibits "D", and "E" of the Amended Complaint.

12.    Pursuant to MSP RECOVERY, LLC's Complaint and its attachments, as of November 24, 2014, MSP Recovery-FHCP, Inc. owned the alleged cause of action against Defendant.  MSP RECOVERY, LLC failed to attach any of those alleged assignments from FHCP to its Complaint.  However, pursuant to the Complaint and its attachments, as of November 24, 2014, it is clear that MSP RECOVERY, LLC did not own the alleged cause of action.

13.    MSP RECOVERY, LLC failed to claim or allege in its Amended Complaint an assignment from either MSP Recovery-FHCP, Inc.  An assignment from MPS Recovery-FHCP, Inc. to MSP RECOVERY, LLC is required for MSP RECOVERY, LLC to have standing in this case, since MSP Recovery-FHCP, Inc. owned the cause of action as late as November 24, 2014, and MSP RECOVERY, LLC did not own the alleged cause of action until December 4, 2014.

14.    As clearly shown above, MSP RECOVERY, LLC failed to prove that it has standing in this case within the four corners of the Amended Complaint.

15.    Defendant therefore requests that this Court dismiss MSP RECOVERY, LLC's Complaint on the basis that MSP RECOVERY, LLC has not proved standing in this case.

16. Defendant further requests that if this Court grants MSP RECOVERY, LLC's leave to amend its Complaint to properly plead standing, then this Court also require MSP RECOVERY, LLC to produce any and all alleged assignments, revocations, or reassignments it is claiming standing upon. The Court is authorized to make sure a request due to the Complaint's quagmire regarding standing in this case.

### B. Lack of Subject Matter Jurisdiction

17. Assuming *arguendo* that this Court finds that MSP RECOVERY, LLC sufficiently pled standing in this case, Defendant presents the argument below.

18. MSP RECOVERY, LLC, in paragraphs 2 and 63 of its Amended Complaint, admits that it is a Medicare Advantage organization.

19. Count I of MSP RECOVERY, LLC's Complaint is a private cause of action under the Medicare Secondary Payer Act.

20. The Southern District of Florida has ruled that a Medicare Advantage organization, such as MSP RECOVERY, LLC, does not have a right to bring a cause of action under the Medicare Secondary Payer Act.

21. Accordingly, this Court does not have subject matter jurisdiction over MSP RECOVERY, LLC's causes of action found in its Complaint. As such, Defendant requests that this Court dismiss MSP RECOVERY, LLC's Complaint for lack of subject matter jurisdiction.

### C. MSP RECOVERY, LLC's Failure to Plead a Proper Cause of Action

22. Assuming *arguendo* that this Court finds that MSP RECOVERY, LLC properly pled standing in this case and that the Court has subject matter jurisdiction over MSP RECOVERY, LLC's pled counts, Defendant presents the argument below.

23. MSP RECOVERY, LLC to plead a proper cause of action in Count I of its Complaint.

24. In order for MSP RECOVERY, LLC to present a claim against Defendant under the Medicare Secondary Payer Act, MSP RECOVERY, LLC must show that: 1) FHCP made a conditional payment to the medical provider; 2) Defendant was placed on notice of FHCP's conditional payment; 3) Defendant was primarily responsible for FHCP's payment; and 4) Defendant denied the claim for the reasons listed in the statute.  Also, a secondary payer must provide a 60 day window for the primary payer to make reimbursement or the suit is premature.

25. MSP RECOVERY, LLC failed to properly plead any of those four requirements and its suit may be premature.

26. While portions of MSP RECOVERY, LLC's Complaint claim that FHCP issued payment, Exhibit "E" of the Complaint contradicts that claim, as Exhibit "D" states that the following:

> The medical provider has received $ 0.00, which is not the total amount due for the services billed and rendered.

27. Moreover, other portions of the Complaint, such as paragraph 21, request recovery not for payments made by FHCP but for the amount charged by the medical provider. Exhibit "D' and Exhibit "E" of the Amended Complaint, where Defendant was allegedly placed on notice of the alleged "lien" by FHCP, also fail to state that FHCP submitted any payment to the medical provider.  Exhibit "C" and Exhibit "D" of the Complaint are completely silent as to any payment exchanging between FHCP and the medical provider.  MSP RECOVERY, LLC also did not attach any drafts or payment screens to its Complaint.

28. Thus MSP RECOVERY, LLC failed to show that FHCP did in fact make a conditional payment.

6

29. MSP RECOVERY, LLC also failed to show that Defendant was placed on proper notice of that conditional payment, as the documents attached to the Complaint do not show that Defendant was ever placed on notice of the amount to reimburse.  Plaintiff never even informed Defendant to whom payment was made or when payment was made.  Thus not only was there no notice, but 60 days may not have passed as well from the actual payment.

30. MSP RECOVERY, LLC also did not properly plead that Defendant was responsible for the payment that FHCP issued to the patient's medical provider.

31. The relationship between Defendant and the patient is a contractual relationship. As such, Defendant is only bound to pay bills for treatment incurred by the patient that Defendant is contractually required to pay.

32.  If Defendant did not breach its contract in denying the patient's medical bill, then Defendant is not responsible for the bill.

33. MSP RECOVERY, LLC failed to allege that Defendant breached its contact with the patient in this case.

34. MSP RECOVERY, LLC also did not attach a copy of the contract between Defendant and the patient or adopt portions of Defendant's contract into the Complaint that would show that Defendant breached its contract in this case.

35. Before Defendant would be responsible under its contract to pay the undisclosed medical provider for its medical bill, the provider would have to show that it obtained an assignment from Defendant's insured.  Otherwise, all amount owed by Defendant would be owed directly to the insured.  MSP RECOVERY, LLC never plead in its Complaint that the medical provider was in possession of an assignment from Defendant's insured, and thus MSP

RECOVERY, LLC has not shown that Defendant was responsible for the provider's medical bill.

36. MSP RECOVERY, LLC's failure to allege that Defendant breached its contract is a failure to state a cause of action against Defendant, as MSP RECOVERY, LLC has not properly pled that Defendant was responsible for payment in this case.

37. MSP RECOVERY, LLC also did not plead that Defendant denied the claim for the reasons listed under the Medicare Secondary Payer Act.

38. Therefore, Defendant requests that the Court dismiss MSP RECOVERY, LLC's Complaint for failure to plead a proper cause of action against Defendant in this case.

### D. Motion to Strike Paragraph 56-58 and 71-72 of MSP RECOVERY, LLC'S AMENDED COMPLAINT

39. Defendant moves to strike paragraphs 56-58 and 71-72 of MSP RECVOERY, LLC's Amended Complaint on the grounds that the Medicare, Medicaid and SCHIP Extension of 2007 ("MMSEA") is extraneous and irrelevant to MSP Recovery's pled cause of action. Defendant also moves to strike MSP RECOVERY, LLC's request for attorney's fees as such a remedy is not provided under law.

### III. Memorandum of Law

### E. MSP RECOVERY, LLC's Lack of Standing

40. The plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." Coyne v. American Tobacco Company, 183 F.3d 488, 494 (6'" Cir. 1999); Valley Forge Christian College V. Americans United for Separation of Church & State, Inc., 454 U.S. 464 (1982).

41. The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. Valley Forge, 454 U.S. at 472. In addition, "the plaintiff must be a

proper proponent, and the action a proper vehicle, to vindicate the rights asserted." Coyne, 183 F. 3d at 494 (quoting Pestrak v. Ohio Elections Comm 'n, 926 F. 2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article 111 of the United States Constitution, the plaintiff must show he has personally suffered some actual injury as a result of the illegal conduct of the defendant. Coyne, 183 F. 3d at 494; Valley Forge, 454 U.S. at 472.

42. When exhibits are inconsistent with the Plaintiff's allegations of material facts as to the real party in interest, the document controls. Fladell v. Palm Beach County Canvassing Board, 772 So.2d 1240 (Fla. 2000); Greenwald v. Triple D Properties, Inc., 424 So.2d 185, 187 (Fla. 4th DCA 1983); Costa Bella Development Corp. v. Costa Development Corp., 441 So.2d 1114(Fla. 3rd DCA 1983).

43. When there is an inconsistency between the general allegations of material fact in the complaint and the specific facts revealed by the exhibit, and they have the effect of neutralizing each other, the pleading is rendered objectionable. Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971), *cert. den.*, 252 So.2d 797 (Fla.1971); Padgett v. First Federal Savings and Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979).

44. When standing is challenged on a motion to dismiss, the burden falls on the proponent of the claim to establish it has standing. Franco v. Connecticut General Life Ins. Co., 818 F.Supp.2d 792 (D.N.J. 2011); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Warth v. Seldin, 422 U.S. 490, 508, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

45. Standing may be demonstrated at the pleading stage based upon the complaint's factual allegations, according to the burden a complaint must meet to pass muster under Rule

8(a). Lujan, 504 U.S. at 561, 112 S.Ct. 2130. Rule 8(a) demands that a complaint contain sufficient factual allegations to render a claim plausible. Iqbal, 129 S.Ct. at 1950.

46. While the facts in a Complaint must be taken as true when considering a motion to dismiss, the mere recitations of the legal standard do not have to be taken as true and must be supported by facts. *See* Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (though a court must take all of the factual allegations in the complaint as true on a motion to dismiss, it is "not bound to accept as true a legal conclusion couched as a factual allegation.").

47. The Franco Court ruled it is fair to assume that plaintiffs know what their own assignment forms provide, and that complaints should recite the language of the relevant assignment provisions. Franco, 818 F.Supp.2d at 810.

48. The Franco Court ruled that simply asserting as assignment relationship is insufficient to grant standing. Instead, a party must plead facts (for example, actual assignment language) to support its legal conclusion that a valid assignment of the proper breadth was given. If such facts are not included in the Complaint, the plaintiff not met it has standing. Franco, 818 F.Supp.2d at 811.

49. In the instant case, MSP RECOVERY, LLC fails to provide that FHCP executed an assignment to La Ley Recovery and therefore MSP RECCOVERY, LLC failed to prove standing based upon an assignment from La Ley Recovery.

50. Furthermore, MSP RECOVERY, LLC's exhibits to the Complaint show that MSP RECOVERY, LLC did not have standing in this case and subject MSP RECOVERY,

LLC's Complaint to an order of dismissal from the Court. That is because the exhibits show that an entity obtained an assignment from FHCP prior to MSP RECOVERY, LLC, and MSP RECOVERY, LLC never pled an assignment from that entity

51. It is clear that MSP RECOVERY, LLC's Complaint fails to properly allege standing for MSP RECOVERY, LLC and therefore this Court should dismiss MSP RECOVERY, LLC's Complaint.

### F. Lack of Subject Matter Jurisdiction

52. MSP RECOVERY, LLC admitted repeatedly in its Complaint that it is a Medicare Advantage organization (MAO) and a HMO. As will be shown below, MSP RECOVERY, LLC's admission has wide ranging consequences.

53. Medicare, enacted in 1965, is a federal health insurance program primarily benefitting those 65 years of age and older. *See* Social Security Amendments of 1965, Pub.L. No. 89–97, 79 Stat. 286 (codified as amended at 42 U.S.C. §§ 1395 to 1395kkk–1). Medicare Part A covers inpatient hospital care, 42 U.S.C. §§ 1395c to 1395i–5, and Part B covers services and equipment, 42 U.S.C. §§ 1395j to 1395w–5.

54. In 1980, Congress added the Medicare Secondary Payer provisions ("MSP") to the Medicare Act. Omnibus Reconciliation Act of 1980, Pub.L. No. 96–499, 94 Stat. 2599 (codified as amended at 42 U.S.C. § 1395y(b)). The MSP makes Medicare insurance secondary to any "primary plan" obligated to pay a Medicare recipient's medical expenses. 42 U.S.C. § 1395y(b)(2)(A). When Medicare makes a conditional payment on behalf of a beneficiary, the primary plan must reimburse the Trust Fund. Id. § 1395y(b)(2)(B)(ii). The MSP also subrogates the United States to a beneficiary's right to pursue the primary plan, id. § 1395y(b)(2)(B)(iv), and

provides the United States with an independent right to recover double damages from a responsible entity which refuses to reimburse the Trust Fund, id. § 1395y(b)(2)(B)(iii).

55.     In 1986, the Medicare Act was further amended to include "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)." Omnibus Budget Reconciliation Act of 1986, Pub.L. No. 99–509, 100 Stat. 1874 (codified as amended at 42 U.S.C. § 1395y(b)(3)(A)). The private cause of action allows Medicare beneficiaries and healthcare providers to recover medical expenses from primary plans.

56.     Eleven years later, in 1997, Congress enacted Medicare Part C, providing for private Medicare Advantage plans. Balanced Budget Act of 1997, Pub.L. No. 105–33, 111 Stat. 251 (codified as amended at 42 U.S.C. §§ 1395w–21 to w–28). Part C allows eligible participants to opt out of traditional Medicare and instead obtain various benefits through MAOs, which receive a fixed payment from the United States for each enrollee. 42 U.S.C. §§ 1395w–21, 1395w–23. Part C is intended to "allow beneficiaries to have access to a wide array of private health plan choices in addition to traditional fee-for-service Medicare.... [and] enable the Medicare program to utilize innovations that have helped the private market contain costs and expand health care delivery options." H.R.Rep. No. 105–149, at 1251 (1997). Part C authorizes, but does not compel, a MAO to charge a primary plan for medical expenses paid on behalf of a participant:

> Notwithstanding any other provision of law, a Medicare [Advantage] organization may (in the case of the provision of items and services to an individual under a Medicare [Advantage] plan under circumstances in which payment under this subchapter is made secondary pursuant to section 1395y(b)(2) of this title) charge or authorize the provider of such services to charge, in accordance with the charges allowed under a law, plan, or policy described in such section—

  (A)  the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services, or

  (B)  such individual to the extent that the individual has been paid under such law, plan, or policy for such services.

42 U.S.C. § 1395w–22(a)(4).

57. The MAO Statute simply allows a MAO to provide via its contracts that its insurance is secondary to other available plans and allows recovery, based upon a contractual claim, from a primary plan that refuses to reimburse the MAO for payments made on behalf of a participant. In the end, a MAO's legal claim would arise by virtue of its decision to include provisions allowing such recovery in its contract with plan participants.

58. HMOs are also governed by their own statute separate from the Medicare Secondary Payer Act. The HMO Statute, 42 U.S.C. 1395(m)(m)(e)(4), has nearly identical language as the MAO Statute, and states the following:

(4) Notwithstanding any other provision of law, the eligible organization **may** (in the case of the provision of services to a member enrolled under this section for an illness or injury for which the member is entitled to benefits under a workmen's compensation law or plan of the United States or a State, under an automobile or liability insurance policy or plan, including a self-insured plan, or under no fault insurance) **charge or authorize the provider of such services to charge**, in accordance with the charges allowed under such law or policy--

  (A)  the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services, or

  (B)  such member to the extent that the member has been paid under such law, plan, or policy for such services.   (Emphasis added)

59. The language in the MAO and HMO statutes is distinguishable from the language found in the Medicare Secondary Payer Act, which states a "primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund." 42 U.S.C. § 1935y(b)(2)(B). The distinction in this language and the absence of any cause of action language

13

in the MAO Statute and HMO, unlike the MSP, had compelled Courts to find that there is no cause of action for MAs under the MA Statute or for HMOs under the HMO statute.

60. Additionally, 42 C.F.R. 422.108(f) (Medicare Secondary Payer Procedures) states the following regarding Medicare Advantage organization:

> The MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter

61. However, under 42 U.S.C. 1395y(b)(2)(B)(i), the Secretary's authority is limited to making payments "conditioned on reimbursement to the appropriate Trust Fund." The United States is vested with full authority to bring an action for reimbursement, not the Secretary. 42 U.S.C. 1395y(b)(2)(B)(iii).

62. The Southern District of Florida has examined the interplay of these statutes in Humana Medical Plan, Inc. v. Reale, No. 10-21493-Civ-COOKE/BANDSTRA, 2011 WL 335341 (S.D. Fla. Jan. 31, 2011), *order vacated* (Sept. 26, 2011), where Humana brought a claim under the Medicare Secondary Payer Act against Reale for reimbursement of a conditional payment Humana made to Reale prior to her recovery of funds in a negligence lawsuit against the tortfeasor.

63. The Reale Court ruled the following:

> A Medicare Advantage organization, such as Humana, "will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations ..." However, under 42 U.S.C. 1395y(b)(2)(B)(i), the Secretary's authority is limited to making payments "conditioned on reimbursement to the appropriate Trust Fund." *Id*. The United States is vested with full authority to bring an action for reimbursement, not the Secretary. 42 U.S.C. 1395y(b)(2)(B)(iii) FN1. Therefore, because the Secretary does not have the authority to bring an action for reimbursement, Humana cannot claim such a right under 42 C.F.R. 422.108(f). Accordingly, Humana has failed to bring a claim arising under federal law.

64. Thus this Court in <u>Reale</u> explicitly found that a MAO like MSP RECOVERY, LLC had no cause of action against a primary payer like Defendant.

65. Other courts have examined the interplay of these statutes and came to the same conclusion as Judge Cooke in <u>Reale</u>. *See* <u>Konig v. Rawlings and Oxford Health Plans</u>, 1:12-cv-00467-JG (U.S.D.Ct. E. Dist. NY, March 30, 2012) ("Medicare laws offer no private right of action – express or implied – to [Medicare Advantage] providers to enforce any claimed subrogation rights." 42 CFR 422.108(f) "may not create a right that Congress has not" and "nothing in the Medicare statute itself creates a cause of action…"); <u>Ferlazzo v. 18th Ave. Hardware, Inc.</u>, 33 Misc.3d 421, 929 N.Y.S.2d 690 (N.Y.Sup.2011).

66. In <u>Care Choices HMO v. Engstrom</u>, 330 F.3d 786 (6th Cir. 2003), the Sixth Circuit considered whether an HMO providing Medicare replacement coverage had a private right of action under the Medicare Act, and concluded that it did not. The Sixth Circuit found no express private right of action in the statute (which used the same permissive language as that found in § 1395w), and then examined whether there was an implied right of action, applying the factors established by the Supreme Court in <u>Cort v. Ash</u>. The <u>Engstrom</u> court noted that it could not imply an intent to create a private remedy (i.e. the right to bring a federal lawsuit) from Congress's creation of a private right (i.e. the right to seek reimbursement when an enrollee is eligible for coverage under some other policy). The court looked to the purpose and language of § 1395mm and found that it was not intended to create an affirmative federal cause of action to enforce its subrogation rights. Rather, the private Medicare provider had a "widely recognized alternative avenue for enforcement": a standard insurance contract claim brought in state court. The Sixth Circuit explicitly examined the relationship between § 1395mm and the MSP Act (§ 1395y(b)). The court pointed out the mandatory language of the MSP provision (Medicare

15

payments shall be conditioned on reimbursement by a primary payer), and the permissive language of the HMO provision (the HMO may seek reimbursement), as well as the absence of any affirmative evidence that Congress intended to imply a private right of action, and concluded that § 1395mm did not establish a federal right of action to seek reimbursement for benefits conferred by another insurer.

67. Congress intended the MAO's to recover the reimbursement through its contract with the enrollee, rather than through a federal court action against the tortfeasor/primary payer.

68. As a Medicare Advantage organization, pursuant to Reale, MSP RECOVERY, LLC does not have a federal cause of action against Defendant.

69. A look at MSP RECOVERY, LLC's Complaint shows that MSP RECOVERY, LLC only pled federal causes of action against Defendant.

70. Accordingly, this Court lacks subject matter jurisdiction over MSP RECOVERY, LLC's Complaint and should dismiss MSP RECOVERY, LLC's action.

**G.  MSP RECOVERY, LLC's Failure to Plead a Proper Cause of Action**

71. The Medicare Secondary Payer Act is only triggered if a conditional payment is made, notice thereof is made to Defendant, and Defendant was responsible for the payment. Section (2)(B)(ii) of the act states:

> Repayment required.  A primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this subchapter with respect to an item or service **if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service**.
> ….
> If reimbursement is not made to the appropriate Trust Fund **before the expiration of the 60-day period that begins on the date notice of,** or information related to, a **primary plan's responsibility for such payment** or other information is received… (Emphasis added)

72. Section (2)(B)(iii) of the act states:

In order to recover payment **made** under this subchapter… (Emphasis added)

73. Thus it is clear to present a cause of action, MSP RECOVERY, LLC must pled it made payment, Defendant was placed on notice of that payment, and Defendant was primarily responsible for that payment.

74. The attachments to MSP RECOVERY, LLC's Complaint fail to show that the required conditional payment was made, let alone to whom payment was made. In fact, the attachments to the Complaint show that $0.00 was paid out to the undisclosed medical provider. *See* Exhibit "D" of MSP RECOVERY, LLC's Amended Complaint. As shown above in section III(E), the exhibits of the Complaint control over the generally pled allegations. Therefore, MSP RECOVERY, LLC failed to a state proper cause of action under the Medicare Secondary Payer Act as it did not proper pled the amount paid.

75. Additionally, the attachments to MSP RECOVERY, LLC's Complaint also fail to show that Defendant was placed on notice of the conditional payment as required under the MSP Act. That is because the documents sent to Defendant regarding the alleged conditional payment (Exhibit D, E) all fail to state the amount paid out. If Defendant is not told of the amount paid, Defendant cannot know how much it is required to reimburse. Therefore, the alleged notice to Defendant must fail as a matter of law and so must MSP RECOVERY, LLC's cause of action.

76. The plain wording of the statute requires notice of payment to the primary insurer. The statue also requires Plaintiff to provide Defendant 60 days to make payment. 42. U.S.C. § 1395y(b)(2)(B)(ii); s*ee also* 42 C.F.R. § 411.22(b); 42 C.F.R. § 411.24(h) and 42 C.F.R. § 411.24(i), which also provides a no-fault insurer, such as Defendant, a 60 day window to make a reimbursement to the primary insurer. How could the primary insurer possibly be responsible

for double damages to the secondary insurer if the secondary insurer never even told the primary insurer the amount to reimburse? The Medicare Secondary Payer Act did not do away with the constitutional right of due process and notice. *See* Zinman v. Shalala, 835 F.Supp. 1163 (N.D.Cal.1993).

77. Plaintiff has failed to state the amount of payment made or even the date of payment. Thus not only did Plaintiff fail to provide the proper notice to Defendant but it is unclear whether Plaintiff's suit is premature.

78. MSP RECOVERY, LLC also failed to establish that Defendant was responsible for the payment as required to state a proper cause of action. Defendant is a PIP insurer whose responsibility to its insured arises from a contract between the insured and Defendant. Defendant's duties to pay a medical provider exist only if the medical provider has an assignment of benefits and the provider's bill is compensable under Defendant's policy of insurance. MSP RECOVERY, LLC's Complaint never alleged that the undisclosed medical provider obtained an assignment of benefits from Defendant's insured.

79. MSP RECOVERY, LLC also never pled that Defendant breached its contract by denying payment.

80. If Defendant was not contractually liable for the payment, then Defendant was not responsible for the payment. Therefore, on that basis alone, MSP RECOVERY, LLC also failed to state a proper cause of action.

81. Additionally, a private party can recover under the private cause of action of the Medicare Secondary Payor Act only if a private plan has failed to provide primary payment or appropriate reimbursement in accordance with paragraphs (1) and (2)(A) of the Act. Gusmano v.

Allstate Ins. Co., 2013 WL 6133136 (E.D.Mich 2013); 42 U.S.C. § 1395y(b)(3)(A). Section 1395y(b)(3)(A) specifically states the following:

> There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)."

82. MSP RECOVERY, LLC did not allege that Defendant denied the claim for those enumerated reasons.

83. In Glover v. Liggett Group, Inc., 459 F.3d 1304 (11th Cir. 2006), the Eleventh Circuit ruled that until there is a judgment or settlement showing the defendant is liable, the secondary payer cannot present a claim against the primary payer under the Medicare Secondary Payer Act. Here, no settlement has occurred and no court of competent jurisdiction has ruled that defendant is liable to plaintiff for the payment. As noted under Glover, it would be inequitable to allow Plaintiff to seek double damages when Defendant's liability under its contract has not been established. As such, this Court must dismiss Plaintiff's suit.

84. As such, it is clear that MSP RECOVERY, LLC failed to state a cause of action in this case and that this Court should dismiss MSP RECOVERY, LLC's Complaint.

**H. Memorandum in Support of Defendant's Motion to Strike.**

85. Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8), requires that liability insurers and plans electronically report to Medicare "the details of settlements, judgments, awards, or other payments to Medicare recipients".

86. Plaintiff pled in its Amended Complaint that Defendant did not make payment, so Section 111 would not apply to Defendant in this case.

87. Additionally, even if $1,000.00 fine mentioned by MSP RECVOERY, LLC in its

Amended Complaint applied to Defendant, MSP RECOVERY, LLC is not entitled to recovery that fine under the Medicare Secondary Payer Act.

88.     As to MSP RECOVERY, LLC's claim to attorney's fees, the Medicare Secondary Payer Act does not provide for such relief and thus that claim should be dismissed.

89.     Because MSP RECOVERY, LLC's single count fails to allow for an award of attorney's fees, Defendant requests that this Court strike MSP RECOVERY, LLC's claim for attorney's fees.

## IV.     Conclusion

WHEREFORE, for all of the reasons listed above, Defendant respectfully requests that this Court enter an order dismissing MSP RECOVERY, LLC's Complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via E-Mail on March 12, 2015 to Rebecca Rubin del Rio, Esquire, MSP Recovery Law Firm, Attorney for Plaintiff, MSP Recovery, LLC, serve@msprecoverylawfirm.com, (305) 614-2222/(305) 239-8870 (F).

**Law Offices of Neil V. Singh**
Attorneys for Defendant
3250 West Commercial Blvd., Suite 220
Fort Lauderdale, FL  33309
(954) 233-9114 (Asst.)/(954) 233-9106 (Direct)
Fax: (866) 841-8921
SERVICE DESIGNATIONS:
Primary: sfpiphc@progressive.com
Secondary nsingh1@progressive.com

By: _____
ERICK D. MARTIN, ESQUIRE
Florida Bar No. 26517
*"Salaried Employees of Progressive Casualty Insurance Company"*